UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20778-CIV-WILLIAMS/SANCHEZ

PAMELA LARRY,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.

_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

**THIS MATTER** is before the Court on the Plaintiff's Unopposed Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  *See* ECF No. 24. Defendant, Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner"), does not oppose the Motion.  *Id.*  Following a careful review of the Plaintiff's filing, the pertinent portions of the record, and the applicable law, and the undersigned being otherwise duly advised on the matter, the undersigned recommends that the Plaintiff's motion for attorney's fees be **GRANTED** and that the Plaintiff be awarded fees in the amount of $7,635.88, payable to her attorney, subject to reduction by the amount of any debt that the Plaintiff may owe the United States.

**I.**     **BACKGROUND**

On March 15, 2022, the Plaintiff filed this lawsuit under the Social Security Act seeking review of the Commissioner's decision denying her application for disability benefits and supplemental social security income.  ECF No. 1.  On October 3, 2022, the Plaintiff filed a motion

for summary judgment, ECF No. 17, and on November 23, 2022, the Commissioner filed an unopposed motion for entry of judgment under sentence four of 42 U.S.C. § 405(g) with remand to the Commissioner (the "Motion to Remand"). ECF No. 21. On December 20, 2022, the Court granted the Commissioner's Motion to Remand and entered a final judgment in favor of the Plaintiff that reversed and remanded the case to the Commissioner for further proceedings. ECF No. 22.

On March 21, 2023, the Plaintiff filed her motion for attorney's fees, requesting $7,635.88 pursuant to the EAJA for work performed by her attorney, Katherine O. Palacios-Moreno. ECF No. 24. Specifically, the Plaintiff requests compensation for 29.6 hours of attorney work in 2022 at a rate of $234.95 and an additional 2.9 hours of attorney work in 2023 at a rate of $234.95.

## II.   ANALYSIS

### A.   The Plaintiff Is Entitled to Recover Attorney's Fees.

Under the EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely filed an application for attorney's fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). A plaintiff in a social security appeal prevails if the court orders a "sentence four remand" under 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993); *see also Jackson v. Chater*, 99 F.3d 1086, 1097 (11th Cir. 1996) ("[T]he claimant is a prevailing party entitled to seek fees under the EAJA" when the "claimant prevails by obtaining a remand for reconsideration of his case by the Commissioner (or the ALJ)."). Furthermore, an EAJA request for attorney's fees "must be filed within thirty days of the time the judgment is final and no longer appealable." *Jackson*, 99 F.3d at 1095 n.4; *see Shalala*, 509 U.S. at 302-03. In total, "an EAJA applicant seeking fees incurred after the wrongful

denial of disability benefits has ninety days . . . to file his application, if the Commissioner does not appeal the district court's judgment." *Jackson*, 99 F.3d at 1095 n.4; *see also Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). Lastly, an EAJA request for attorney's fees must allege that the Commissioner's position was not substantially justified, which then shifts the burden to the Commissioner to show that it was. *See Comm'r, INS v. Jean*, 496 U.S. 154, 160 (1990); *see also U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

The Plaintiff has satisfied all five conditions under the EAJA. First, the Plaintiff was the prevailing party in this case because on December 20, 2022, the Court entered an order that reversed the Commissioner's decision and remanded this case back to the Commissioner for further proceedings. ECF No. 22. Second, the Plaintiff's motion for attorney's fees alleges that the Commissioner's position was not substantially justified, and the Commissioner has not argued otherwise. ECF No. 24 at 7-8. Third, the motion for attorney's fees is timely because it was filed on the 90th day after the clerk entered the final judgment, which the Commissioner failed to appeal. Fourth, the motion for attorney's fees alleges that the Plaintiff's net worth was less than two million dollars at the time the complaint was filed. ECF No. 24 at 1. Finally, this case does not present any special circumstances. Accordingly, the Plaintiff is entitled to an award of attorney's fees and costs.

        **B.**      **The Amount of Attorney's Fees the Plaintiff Requests is Reasonable.**

The next question is whether the amount of attorney's fees requested is reasonable. To make this determination, the Court must analyze both the reasonableness of the requested hourly rate in light of prevailing market rates and the reasonableness of the number of hours expended in this litigation.

### *1. The Hourly Rate Requested for the Plaintiff's Attorney Is Reasonable.*

The EAJA states in pertinent part that "[t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The EAJA "establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). The first step "is to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since the $125 statutory rate was set], or a special factor."[1] *Id.* at 1033-34.

Here, the Plaintiff has been represented by Katherine O. Palacios-Moreno.[2] The Plaintiff's requested hourly rate for her attorney is $234.95 for both 2022 and 2023, which the Plaintiff argues reflects the cost-of-living adjustment for each of the years Ms. Palacios-Moreno spent working on this matter. ECF No. 24 at 2-3. The Commissioner does not dispute that the requested hourly rate is reasonable, considering the range of the prevailing market rates for the kind and quality of the

---

[1] In March of 1996, after *Meyer* was decided, Congress increased the hourly rate from $75.00 per hour to $125.00. *See* 28 U.S.C. § 2412(d)(2)(A); Contract with America Advancement Act of 1996, Pub. L. No. 104-121, tit. II, § 232(b)(1), 110 Stat 847. The undersigned has adjusted the analysis in *Meyer* to account for this rate change.

[2] According to the declaration of Ms. Palacios-Moreno, she has been practicing law in Florida since 2013 and has litigated more than 1,000 Social Security disability cases over the course of her career. ECF No. 24 at 3.

4

services furnished, and the undersigned finds that the applicable market rates for comparable attorneys in the Southern District of Florida during the period from 2022 to 2023 indeed exceeded the EAJA statutory rate of $125.00. The EAJA, moreover, "expressly provides for a cost-of-living adjustment," *Sensat v. Berryhill*, No. 15-24727, 2018 WL 5257143, at *6 (S.D. Fla. Oct. 22, 2018), and the Eleventh Circuit has recognized that application of the cost-of-living adjustment has been considered "next to automatic." *See Meyer*, 958 F.2d at 1035 n.9. When, as here, work is performed over the course of several years, the hourly rate for each year is subject to adjustment for the cost of living based on the year when the services were performed. *See Sensat*, 2018 WL 5257143, at *6.

Under these circumstances, the undersigned finds that the proposed hourly rate for the Plaintiff's attorney for both of the pertinent years is reasonable and accurately reflects factually-warranted rate adjustments to the $125 statutory rate for the increase in the cost of living based on the Consumer Price Index. *See, e.g.*, *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (recognizing that a court "is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value") (quoting *Norman*, 836 F.2d at 1303).

### 2. *The Number of Hours Expended by the Plaintiff's Attorney Was Reasonable.*

The fee applicant bears the burden of establishing that the hours for which fees are sought were "reasonably expended on the litigation." *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 435 (11th Cir. 1999). Reasonable hours are "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) (citing *Norman*, 836 F.2d at 1301). In the Eleventh Circuit, "the measure of reasonable hours is determined by the profession's judgment of the time

that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman*, 836 F.2d at 1306. "[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Perkins*, 847 F.2d at 738 (citing *Norman*, 836 F.2d at 1301). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428.

Here, Ms. Palacios-Moreno submitted a "Schedule of Hours" for her work, in which she represents to the Court that she dedicated 29.6 hours in 2022 and 2.9 hours in 2023, for a total of 32.5 hours, to the litigation of this case. ECF No. 24 at 4-5. The "Schedule of Hours" submitted by the Plaintiff for her lawyer contains a detailed breakdown of the amount of time spent on the tasks performed by her lawyer, when each task was performed, and a description of each task performed. *Id.* Counsel's work in this matter included reviewing documents from the administrative-level attorney, corresponding with counsel for the Commissioner of Social Security, reviewing the administrative transcript, drafting court filings (including the complaint and the Plaintiff's motion for summary judgment), and preparing the instant motion for attorney's fees. *Id.* Drawing upon his own knowledge and expertise, the undersigned finds that the time that was expended by the Plaintiff's attorney in prosecuting this action was reasonable.

Accordingly, the undersigned recommends that the Court award the Plaintiff attorney's fees for 29.6 hours of work performed by Ms. Palacios-Moreno in 2022 at an hourly rate of $234.95 and 2.9 hours of work performed by Ms. Palacios-Moreno in 2023 at an hourly rate of $234.95. *See* ECF No. 24 at 2. Thus, the undersigned further recommends that the Plaintiff be awarded a total of $7,635.88 in attorney's fees.

### C. The Attorney's Fee and Cost Award Is Payable to the Plaintiff's Lawyer.

The undersigned next considers whether the award of attorney's fees and costs is payable to the Plaintiff or her lawyer. The Supreme Court has held that EAJA fee awards are awarded to the litigant, rather than to the litigant's attorney, and therefore EAJA fee awards are subject to a Government offset to satisfy the pre-existing debt that the litigant owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 589-90 (2010). The Supreme Court has further noted that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney. *See id.* at 596-98. In order for an assignment to be valid, it must comply with the Anti-Assignment Act, 31 U.S.C. § 3727(b).[3] *See Milanes v. Berryhill*, No. 15-23171, 2017 WL 3493145, at *2 (S.D. Fla. Aug. 14, 2017). However, the Government can waive the requirements of the Anti-Assignment Act. *Sensat*, 2018 WL 5257143, at *7 n.14; *Milanes*, 2017 WL 3493145, at *2; *see Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992) (holding that the government may recognize the assignment of its obligations to another and waive the protection of anti-assignment statutes if it chooses).

The Plaintiff requests that any attorney's fees and costs that the Court awards be paid directly to her lead counsel, Katherine O. Palacios-Moreno. ECF No. 24 at 10. The Plaintiff executed an assignment of EAJA fees (the "Assignment"), a copy of which is attached to the

---

[3] The Anti-Assignment Act states in pertinent part that:

> [A] transfer or assignment of any part of a claim against the United States . . . or the authorization to receive payment for any part of the claim . . . may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. §§ 3727(a)-(b).

Motion. *See* ECF No. 24-1. Specifically, the Assignment states that "I hereby assign any court-awarded EAJA attorney fees to my attorneys." *Id.* The Commissioner has not objected to the Assignment or to the Plaintiff's request that the attorney's fees award be paid directly to her lawyer. Thus, the undersigned finds that the Commissioner has waived the requirements of the Anti-Assignment Act. *See Sensat*, 2018 WL 5257143, at *7 n.14 (finding that the Commissioner waived the requirements of the Anti-Assignment Act by not objecting to the plaintiff's request that the payment be made directly to counsel even though the assignment failed to satisfy the Anti-Assignment Act); *see also Milanes*, 2017 WL 3493145, at *2 (concluding that the Commissioner had waived the requirements of the Anti-Assignment Act where the assignment did not comply with the Act). Accordingly, the undersigned recommends that the attorney's fee award be payable to the Plaintiff's lawyer, subject to offset against any pre-existing debt the Plaintiff may owe to the United States.

### III. CONCLUSION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the Plaintiff's Unopposed Motion for Attorney Fees Under the Equal Access to Justice Act (ECF No. 24) and award the Plaintiff $7,635.88 in attorney's fees, payable directly to the Plaintiff's lead counsel, Katherine O. Palacios-Moreno, less the amount of any debt that the Plaintiff may owe to the United States.

Within seven (7) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kathleen M. Williams, United States District Judge. The undersigned has shortened the objection period because the instant Motion is unopposed and the undersigned has recommended that the full amount of requested fees be awarded. Failing to file objections timely will bar a *de novo* determination by the District Judge of any issue addressed in the Report and

Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

      **RESPECTFULLY RECOMMENDED** in chambers in Miami, Florida, this 26th day of June 2023.

                                                  EDUARDO I. SANCHEZ
                                                  UNITED STATES MAGISTRATE JUDGE

cc:    Hon. Kathleen M. Williams
        Counsel of Record